IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2 and JANE DOE, | ) |
| Plaintiffs, | ) |
| v. | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| Defendant. | ) |
| ALLSTATE INSURANCE COMPANY, | ) Case No. 3:02CV1442 (AVC) |
| Counter-Plaintiff and Cross-Plaintiff, | ) |
| v. | ) |
| JOHN DOE 1, JOHN DOE 2 and JANE DOE, | ) |
| Counter-Defendants, | ) |
| And | ) |
| MICHAEL J. ZAHARIE, DAVID G. ZAHARIE and ELIZABETH A. ZAHARIE, | ) |
| Cross-Defendants. | ) March 1, 2004 |

### AGREED MOTION TO MODIFY SCHEDULING ORDER AND REQUEST FOR EXPEDITED RESOLUTION

Defendant, Allstate Insurance Company ("Allstate"), with the agreement of plaintiffs John Doe 1, John Doe 2 and Jane Doe ("Plaintiffs"), hereby respectfully moves this Honorable Court to modify the existing case schedule so as to allow additional time to permit the completion of an ongoing effort to investigate a specific question of fact and locate certain documentation that is necessary to the parties' and the Court's future handling of this matter. In support hereof, Allstate avers as follows:

HART1-1163673-3

1. Plaintiffs and Allstate have engaged in the past few months in diligent, extensive and cooperative efforts to complete discovery necessary to move forward to summary judgment proceedings in this matter. Counsel for Plaintiffs and Allstate have worked constructively to accommodate a variety of scheduling and other issues in a cooperative manner, all while working to meet the Court's March 15, 2004 deadline for submission of Summary Judgment Motions.

2. Among other things, Plaintiffs and Allstate have exchanged thousands of pages of documents and written discovery materials. The parties have completed a number of lengthy depositions, extending over eight sessions, each of which involved travel by counsel or the witness, or both. Among those deponents were several Allstate employees who had roles in handling the claim at issue in this matter, two former employees who were involved in handling the claim, who Allstate located and arranged to have appear voluntarily, without the need for Plaintiffs to issue or serve subpoenas, as well as both of Plaintiffs' disclosed expert witnesses.

3. During the later part of those discovery efforts, an issue was raised by Plaintiffs concerning certain policy forms and documentation potentially applicable to the earliest of the pertinent coverage years. The answer to that specific question may have a bearing on aspects of the parties' respective positions and could impact further proceedings, including summary judgment, in connection with this case.

4. In order to respond to Plaintiffs' inquiry, Allstate needs to locate archival copies of certain old documentation pertaining to the Declarations Pages applicable to the earliest years of the alleged claim, in order to re-confirm the policy forms in effect during those policy periods, information that was stored on a magnetic tape recording medium,

as long as a decade or more ago. The on-going search for that archival information has proven to be extraordinarily difficult and time consuming.

5. The archival storage tapes were not indexed in a manner that would permit computerized searching at this time. Accordingly, manual search of those records is necessary to try to locate the key information.

6. Further complicating and adding difficulty to the search is the fact that the condition of the magnetic storage tapes is somewhat deteriorated, given their age, thus rendering some of the information partially or even fully unreadable.

7. Allstate has been proceeding diligently with its effort to search and review the archival storage tapes so as to respond cogently to the policy documentation issue recently raised by Plaintiffs.

8. Plaintiffs had timely requested to proceed with depositions of Allstate's expert, Allan Windt, and one additional Allstate employee, Gayle Torello.

9. In the interest of efficiency, and in light of the need to resolve the new documentation issue, Plaintiffs and Allstate had agreed to postpone those depositions for a period of time to allow Allstate to complete its search of the archival magnetic storage tapes. In addition, Allstate correspondingly had agreed to extend time for Plaintiffs to respond to certain timely-served written discovery requests Allstate had directed to Plaintiffs.

10. The only remaining discovery not yet completed in this case consists of the following timely requested but postponed items: the depositions of Allan Windt and Gayle Torello, and the Plaintiffs' responses to Allstate's Interrogatories and Request for Document Production (along with a possible follow-up deposition or two, if essential,

based on those responses).

11. In light of the nature of the information for which Allstate diligently continues to search, and the need to complete the remaining items of pending discovery once the answer is located, Allstate and the Plaintiffs respectfully submit that it would not be in the interest of judicial economy for the parties to begin the summary judgment process before the answer to that specific question is known.

12. In order to protect their interests in light of the nature of the information for which Allstate diligently continues to search, and the need to complete the few remaining items of pending discovery once that answer is located, Plaintiffs concurrently have filed with the Court a Motion to Compel. The Plaintiffs and Allstate agree that if the Court were to grant this Motion to modify the existing case schedule so as to allow additional time to permit the completion of Allstate's ongoing search effort, and the completion of the limited remaining discovery, there would be no need for the Court to address the Plaintiffs' Motion to Compel at this time.

13. Allstate and Plaintiffs believe that they should be able to complete the on-going search, as well as any remaining discovery, within thirty (30) days.

14. In light of the looming March 15, 2004 deadline for submission of motions, the parties respectfully request that this Court expedite its handling of this Motion.

WHEREFORE, Defendant Allstate Insurance Company, with the agreement of Plaintiffs, hereby respectfully requests that this Honorable Court issue an Order, at the earliest possible date, modifying the existing case schedule as follows:

(A) Resetting the deadline for completion of discovery, including all

depositions of witnesses, to March 26, 2004;

(B)  Resetting the deadline for filing motions, except motions in limine incident to a trial, to April 19, 2004; and

(C)  Providing such other relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

ALLSTATE INSURANCE COMPANY

By _____
Linda L. Morkan (ct 03196)
Maria T. Ackley (ct18118)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: lmorkan@rc.com
E-mail: mackley@rc.com

Of Counsel

Peter J. Valeta
Jeffrey A. Berman
McGuireWoods LLP
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Tel. No.: (312) 558-1000
Fax No.: (312) 750-6000
E-mail: pvaleta@mcguirewoods.com
E-mail: jberman@mcguirewoods.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been faxed and also mailed, postage prepaid, on the 1st day of March, 2004 to:

Tracy M. Collins, Esq.
Waller, Smith & Palmer, P.C.
52 Eugene O'Neill Drive
New London, CT  06320

John A. Collins, III, Esq.
Suisman, Shapiro, Wool, Brennan,
 Gray & Greenberg, P.C.
P.O. Box 1591
New London, CT  06320

_____
Maria T. Ackley