IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2 and JANE DOE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALLSTATE INSURANCE COMPANY, )<br>)<br>Defendant )<br>_____ )<br>ALLSTATE INSURANCE COMPANY, )<br>)<br>Counter-Plaintiff and Cross-Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE 1, JOHN DOE 2 and JANE DOE, )<br>Counter-Defendants, )<br>And )<br>MICHAEL J. ZAHARIE, DAVID G. ZAHARIE )<br>and ELIZABETH A. ZAHARIE, )<br>Cross-Defendants )<br>_____ ) | Case No. 3:02CV1442 (AVC)<br><br><br><br><br><br><br><br><br>March 3, 2004 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF THEIR MOTION TO COMPEL PRODUCTION**

**STATEMENT**

This action is rooted in a dispute between the Defendant insurance company Allstate and its insureds, David and Elizabeth Zaharie (the Zaharies), who have assigned their claims to the Plaintiffs, over the coverage of a homeowners policy. This motion requests that the Court compel the Defendant to produce all the insurance policy forms, endorsements and declarations pages for that homeowners policy during the relevant period of this action.

2

## DOCUMENTS SOUGHT

1. Allstate Declarations Pages for Zaharies' Deluxe Homeowners Policy, January 1, 1987 – June 15, 1991 and from June 16, 1996 – August 1, 1996.

2. Allstate Policy Form AU406

3. Allstate Policy Endorsements AU9624-1 and AU1736

4. Any other forms or endorsements referenced on the newly produced declarations pages.

## REASONS

The Plaintiffs allege, *inter alia*, in their July 15, 2002 Complaint, that the Defendant Allstate has breached its contractual duty to its insureds founded in the insurance policy between them, acted negligently in its claim settlement procedures pursuant to that insurance policy, acted in bad faith toward its insureds, engaged in unfair trade practices and unfair insurance practices, and that the Plaintiffs are entitled to recover from Allstate pursuant to Connecticut General Statutes § 38a-321 (the direct action statute). All of these claims are dependant upon the existence and terms of the Zaharies' homeowners insurance policy.

The Zaharies' homeowners policy, the Allstate Deluxe Homeowners Policy, over the course of the years, was comprised of many different forms and endorsements. Forms contain the bulk of the terms of the policy. One form periodically replaces another form, presumably as the earlier form becomes outdated. Endorsements are added or subtracted to modify the currently active form. The effect of this is that the *terms* of the policy change and have changed numerous times during the period of the alleged negligent acts. Declarations pages are the

documents that show which endorsements and forms are currently in effect to comprise the specific homeowners policy.

Allstate admits that the Zaharies had homeowners insurance with Allstate from June 16, 1972 to August 1, 1996. The Plaintiffs allege that the negligent conduct of the Zaharies took place between 1987 and 1997. So assuming *arguendo* that Allstate's admitted dates of coverage are correct, then the relevant policy dates are from January 1, 1987 to August 1, 1996. The Plaintiffs are seeking all the policy forms and endorsements for that period, together with the applicable declarations pages. See Exhibit A (1) (a). Allstate has provided some of these documents.

In order to conclusively determine the coverage to which the Zaharies were entitled and the scope of the duty that Allstate allegedly breached, the terms of the policies are of the utmost relevance. The complaint against the Zaharies in the underlying action alleged hundreds of individual negligent acts by the Zaharies taking place during the time period from 1987 to 1997. All the forms and endorsements for those periods are relevant as the terms of each will control the scope of the duty of Allstate with respect to the alleged negligence by the homeowners that occurred while those forms or endorsements were in effect.[1]

Notwithstanding the Defendant's Objections and Responses (attached as Exhibit B) to the March 5, 2003 Request for Production, the Defendant did not produce declarations pages for any date prior to June 16, 1991 or subsequent to June 16, 1996. Plaintiffs request that the Court

---

[1] Presumably, such forms and endorsements would have been available for Allstate to review before any denial of coverage for the insured Zaharies in the molestation action, such as occurred in 1999.

compel the Defendant to produce the declarations pages for the Zaharies' homeowners policy from January 1, 1987 to June 15, 1991 and from June 16, 1996 to August 1, 1996.

Notwithstanding the Defendant's Objections and Responses, Allstate documents on file with the Connecticut Insurance Department (attached as Exhibit C) state that form AU1774, the Allstate Deluxe Homeowners Policy, replaced form *AU406*, and not form AU9601, as stated by the Defendant in its Objections and Responses to Plaintiff's Request for Production of Documents.[2] Additional documents on file state that the predecessors to endorsement AU9624-2 were AU9624-1 and AU1736. Plaintiffs request that the Court compel the Defendant to produce these forms and endorsements and any other form or endorsement that may have been in effect during the time between January 1, 1987 to June 15, 1991, or between June 16, 1996 and August 1, 1996, as shown by the declarations pages for those respective years.

---

[2] Defendant also stated that form AU9601 was in effect immediately before AU1774 in its Answer and Special Defenses, dated December 9, 2002.

Respectfully submitted,
THE PLAINTIFFS,

By _/s/ Tracy M. Collins_
Tracy M. Collins, Esquire of
Waller, Smith & Palmer, P.C.
52 Eugene O' Neill Drive
New London, CT 06320
Tel: 860-442-0367
Fax: 860-447-9915
Email: TMCollins@wallersmithpalmer.com
Federal Juris No.: CT 03463
Their Attorneys

By _/s/ John A. Collins, III_
John A. Collins, III, Esquire of
Suisman, Shapiro, Wool, Brennan,
Grey, Greenberg, P.C.
P.O. Box 1591
New London, CT 06320
Tel: 860-442-4416
Fax: 860-442-0495
Email: JCollins@sswbgg.com
Federal Juris No.: CT 010452
Their Attorneys

6

## AFFIDAVIT

This motion follows a good faith effort on the part of the Plaintiffs and Defendant alike to confer in an effort to secure the disclosures without Court action. We have been unable to reach an agreement. We hereby seek the Court's assistance in compelling the production of the remaining documents from Production Request 1 (a).

THE PLAINTIFFS,

By _____
Tracy M. Collins, of
Waller, Smith & Palmer, P.C.
52 Eugene O' Neill Drive
New London, CT 06320
Their Attorneys

The undersigned, being first duly sworn, hereby deposes and says that, I am over the age of eighteen years and I believe in the obligation of an oath.

Subscribed to and sworn to on this __3rd__ day of ~~June, 2000.~~ March, 2004

_____
Commissioner of Superior Court
(Joshua H. Foley)

By _____
John A. Collins, III, of
Suisman, Shapiro, Wool, Brennan, Grey, Greenberg, P.C.
P.O. Box 1591
New London, CT 06320
Their Attorneys

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 3rd day of March, 2004 to the following:

Linda L. Morkan, Esquire
Maria T. Ackley, Esquire
Robinson & Cole LLP
280 Trumball Street
Hartford, CT 06103-3597

*Of Counsel*
Peter J. Valeta
Jeffery Berman
Ross & Hardies
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601

_____
Tracy M. Collins

8