IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2 and JANE DOE<br>Plaintiffs<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br>Defendant<br><br>ALLSTATE INSURANCE COMPANY,<br>Counter-Plaintiff and<br>Cross-Plaintiff,<br><br>v.<br><br>JOHN DOE 1, JOHN DOE 2, and JANE DOE<br>Counter-Defendants,<br><br>And<br><br>MICHAEL J. ZAHARIE, DAVID G. ZAHARIE<br>and ELIZABETH A. ZAHARIE,<br>Cross Defendants. | CASE NO.: 3:02CV1442 (AVC)<br><br><br><br><br><br>MARCH 5, 2003 |

## REQUEST FOR PRODUCTION OF DOCUMENTS UNDER FED.R.CIV.P. 34

The plaintiff, John Doe 1, requests defendant, Allstate Insurance Company, to respond within 30 days to the following requests. You are requested and required to produce and permit Plaintiff, John Doe 1, to inspect and copy each of the documents and/or inspect and copy, test or sample any

tangible things which constitute or contain matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure described below which are in the possession, custody or control of the Defendant. It is requested that the production be made as provided by the Federal Rules of Civil Procedure at the offices of Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.

## DEFINITIONS OF TERMS AND INSTRUCTIONS

In the following document requests, the term "document" is used in its customary broad sense and includes without limitation the documents of Allstate Insurance Company and the documents available it including without limitation the following items, whether printed, or recorded, or reproduced by any other mechanical process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal, namely agreements, communications, including intracompany communications; correspondence; telegrams; memoranda; summaries or records of telephone conversations; summaries or records of personal conversations; diaries, forecasts, statistical statements; graphs; laboratory and engineering reports and notebooks; charges; plans; drawings; minutes or records of meetings, including directors' meetings; minutes of records of conferences; expressions of statements of policy; lists of persons attending meetings or conferences; reports and/or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; records reports or summaries of negotiations; brochures; pamphlets; advertisements;

circulars; trade letters; press releases; drafts of any documents; revisions of draft of any document; original or preliminary notes and marginal comments appearing on any document. A comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

## DOCUMENTS TO BE PRODUCED

1. That the defendant produce and permit the Plaintiff, John Doe 1, to inspect and copy each of the following documents:

    a. Provide copies of complete insurance policies, including declaration pages and endorsements thereto providing homeowner's coverage by Allstate to and on behalf of David and Elizabeth Zaharie during the years (that coverage the complaints of both of the Plaintiffs) 1987 through 1997.

    b. Copies of all documents, correspondence, memorandums, email communication and notes concerning Allstate's denial of coverage for David and Elizabeth Zaharie under the above insurance policies. This production request specifically includes any internal and external documents including, but not limited to, correspondence memorandums, email communication and notes except for those documents which fall under any attorney/client privilege. Any such documents falling under such privilege should be provided via a privilege log.

    c. Provide the name, docket number, nature of suit and name of plaintiffs' counsel in all cases brought against the defendant, Allstate, by plaintiffs (for negligent acts or omissions involving sexual abuse) seeking coverage under policies similar to those produced above.

    d. Provide copies of policy changes and/or endorsement changes which provide the basis for Allstate's denial of coverage to David and Elizabeth Zaharie, along with copies of standard policies in effect immediately prior to such changes.

Page 3 of 4

THE PLAINTIFFS

_____
John A. Collins, III
Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320
Tel. No. (860) 442-4416
Fax No. (860) 442-0495
Email: jcollins@sswbgg.com
Federal Juris No.: CT 010452

### CERTIFICATION

I hereby certify that a copy of the above was mailed this ___7___ day of March, 2003 to : *Tracy M. Collins, Esquire*, Waller, Smith & Palmer, P.C., 52 Eugene O'Neill Dr., New London, CT 06320; *Linda L. Morkan, Esquire*, Robinson & Cole, LLP, 280 Trumbull Street, One Commercial Street, Hartford, CT 06103-3597; *Maria T. Ackley, Esquire*, Robinson & Cole, LLP, 280 Trumbull Street, One Commercial Street, Hartford, CT 06103-3597 *Peter J. Valeta, Esquire*, Ross & Hardies, 150 N. Michigan Avenue, Suite 2500, Chicago, IL 60601; and, *Jeffrey A. Berman, Esquire*, 150 N. Michigan Avenue, Suite 2500, Chicago, IL 60601.

_____
John A. Collins, III

j:\newdocs\CLIENT\pi\13711\29671\00099056.WPD      Page 4 of 4

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, and JANE DOE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| ALLSTATE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |
| ALLSTATE INSURANCE COMPANY, | ) ) |
| Counter-Plaintiff and Cross-Plaintiff, | ) ) ) ) |
| v. | ) ) |
| JOHN DOE 1, JOHN DOE 2, and JANE DOE, | ) ) ) |
| Counter-Defendants, | ) ) |
| And | ) ) |
| MICHAEL J. ZAHARIE, DAVID G. ZAHARIE, and ELIZABETH A. ZAHARIE, | ) ) ) ) |
| Cross-Defendants. | ) |

Civil No. 3:02CV1442 (AVC)

MAY 5, 2003

**ALLSTATE INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF, JOHN DOE 1'S, REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Allstate Insurance Company ("Allstate"), hereby responds to the Requests To Produce propounded by Plaintiff, John Doe 1, as follows:

HART1-1097484-1

## General Objections

1. Allstate generally objects to the Definitions and Instructions on pages two and three of these Requests, to the extent they exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut. Responses to these Requests will be made in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Connecticut.

2. Allstate reserves all objections to the admissibility at trial of any documents or information produced hereunder. The production of any documents or information does not constitute an admission by Allstate that such documents or information are relevant to the issues in the pending litigation, and Allstate reserves the right to object to further inquiry with respect to any subject matter.

3. The information and documents supplied herein are for use in this litigation and for no other purpose.

4. Any production of documents or other materials in response to these Requests is the result of Allstate's diligent, good faith search to date.

5. Allstate generally objects to these Requests to the extent they seek disclosure of information unrelated to the availability of homeowners insurance coverage benefits to Michael Zaharie, David Zaharie and Elizabeth Zaharie in connection with the claims asserted in the Doe Action, Docket No. CV-99-0552498S in the Superior Court of the State of Connecticut for the Judicial District of New London at New London ("Doe Action"), on the grounds that: (a) such information is irrelevant to the matters at issue in the instant litigation and is not likely to lead to

discovery of admissible evidence; and (b) any search for such irrelevant materials would be costly and unduly burdensome.

6.  Allstate generally objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, rule or doctrine precluding disclosure.

## Specific Objections And Responses

a.  Provide copies of complete insurance policies, including declaration pages and endorsements thereto providing homeowner's coverage by Allstate to and on behalf of David and Elizabeth Zaharie during the years (~~that coverage the complaints of both of the Plaintiffs~~) 1987 through 1997.

**RESPONSE:** Allstate objects to this Request on the grounds that it is vague and ambiguous, in that the reference of the phrase "during the years (that coverage the complaints of both of the Plaintiffs) 1987 through 1997" is unclear, indistinct and fails to reasonably apprise Allstate of the scope and nature of the information sought by John Doe 1. Allstate also objects to this Request on the grounds that it is overbroad as to time and scope and is not limited to the specific circumstances of the claim asserted by John Doe 1 in the Doe Action. This Request exceeds the scope of permissible and relevant discovery outlined in Rule 34 of the Federal Rules of Civil Procedure because it is not limited to information bearing upon the specific circumstances and subject matter of the claim asserted by John Doe 1, or to Allstate policies, practices or procedures that bear upon the specific circumstances and subject matter of the claim asserted by John Doe 1. Allstate further objects to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing general and specific objections, and without waiver thereof, Allstate states that each of Allstate Homeowners Policy Forms AU9601, AU1774, AP2 and AP472, and Amendatory Endorsements AU9624-2 and AP168 were in effect and constituted the relevant portion of the Zaharie Policy for a portion of the time period encompassed by the claims asserted in the Doe Action. Form AU9601 was in effect and constituted the relevant portion of the Zaharie Policy for the policy periods from June 16, 1987 through June 15, 1990; Form AU1774 and Amendatory Endorsement AU9624-2 were in effect and constituted the relevant portion of the Policy for annual policy renewal periods from June 16, 1990 through June 15, 1995; Form AP2 and Amendatory Endorsement AP168 were in effect and constituted the relevant portion of the Policy for the policy renewal period from June 16, 1995 through June 15, 1996; Form AP472 was in effect and constituted the relevant portion of the Policy for the policy renewal period from June 16, 1996 until August 1, 1996, when the Policy was terminated. Copies of each of the foregoing applicable policy documents were each attached as Exhibits to Allstate's Answer, Affirmative Defenses, Counterclaim And Cross-Claims, previously filed and served in this case. Allstate will produce certain relevant, non-privileged documents, if any, which have not previously been produced and which are responsive to this Request, for review and designation for copying at a mutually agreeable time and place.

      b.     Copies of all documents, correspondence, memorandums, email communication and notes concerning Allstate's denial of coverage for David and Elizabeth Zaharie under the above insurance policies. This production request specifically includes any internal and external documents including, but not limited to, correspondence memorandums, email communications and notes except for those which fall under any attorney/client privilege. Any such documents falling under such privilege should be provided via a privilege log.

**RESPONSE:** Allstate objects to this Request on the grounds that it is unduly burdensome and exceeds the scope of permissible and relevant discovery outlined in Rule 34 of the Federal Rules of Civil Procedure. Allstate objects to this Request on the grounds that it improperly seeks to invade the attorney-client privilege and protections from disclosure conferred by the attorney-client privilege and attorney work product doctrine. Allstate further objects to this Request because it is not limited to information bearing upon the specific circumstances and subject matter of the claim asserted by John Doe 1, or to Allstate policies, practices or procedures that bear upon the specific circumstances and subject matter of the claim asserted by John Doe 1 and thus seeks to require production of information and materials that are irrelevant to the claim asserted by John Doe 1 and that will not lead to the discovery of admissible evidence.

Subject to the foregoing general and specific objections, and without waiver thereof, Allstate will produce certain relevant, non-privileged documents for review and designation for copying, at a mutually agreeable time and place.

      c.      Provide the name, docket number, nature of suit and name of plaintiff's counsel in all cases brought against the defendant, Allstate, by plaintiffs (for negligent acts or omissions involving sexual abuse) seeking coverage under policies similar to those produced above.

**RESPONSE:** Allstate objects to this Request on the grounds that it improperly seeks to invade the attorney-client privilege and protections from disclosure conferred by the attorney-client privilege and attorney work product doctrine. Allstate further objects to this Request insofar as it seeks to avoid plaintiffs' obligation to conduct legal research and instead take advantage of or obtain the results of legal research conducted by or on behalf of Allstate as invading the attorney work product privilege. Allstate also objects to this Request on the

grounds that it is overbroad as to time and scope and is not limited to the specific circumstances of this matter. This Request is unduly burdensome and exceeds the scope of permissible and relevant discovery outlined in Rule 34 of the Federal Rules of Civil Procedure because it is not confined to a reasonable time period, it is not limited to a reasonable geographic scope, it is not limited to information bearing upon the specific circumstances and subject matter of the claim asserted by John Doe 1, or to Allstate policies, practices or procedures that bear upon the specific circumstances and subject matter of the claim asserted by John Doe 1. Allstate further objects to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Allstate further objects to this Request as outside of the scope of Rule 34 of the Federal Rules of Civil Procedure, insofar as it does not request production of an existing document or tangible thing, but instead improperly requests that Allstate obtain information or create a tangible document in a form or manner other than it currently exists, and then produce it.

> d. Provide copies of policy changes and/or endorsement changes which provide the basis for Allstate's denial of coverage to David and Elizabeth Zaharie, along with copies of standard policies in effect immediately prior to such changes.

**RESPONSE:** Allstate objects to this Request on the grounds that it is vague and ambiguous, in that the reference of the phrases "policy changes and/or endorsement changes" and "standard policies" are unclear, indistinct and fail to reasonably apprise Allstate of the scope and nature of the information sought by John Doe 1. Allstate also objects to this Request on the grounds that it is overbroad as to time and scope and is not limited to the specific circumstances of the claim asserted by John Doe 1 in this matter. This Request is unduly burdensome and exceeds the scope of permissible and relevant discovery outlined in Rule 34 of the Federal Rules

of Civil Procedure because it is not limited to information bearing upon the specific circumstances and subject matter of the claim asserted by John Doe 1, or to Allstate policies, practices or procedures that bear upon the specific circumstances and subject matter of the claim asserted by John Doe 1. Allstate further objects to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Allstate further objects to this Request on the grounds that it improperly seeks to invade the attorney-client privilege and protections from disclosure conferred by the attorney-client privilege and attorney work product doctrine, and insofar as it seeks to avoid plaintiffs' obligation to conduct legal research and instead take advantage of or obtain the results of legal research conducted by or on behalf of Allstate as invading the attorney work product privilege. Allstate further objects to this Request as outside of the scope of Rule 34 of the Federal Rules of Civil Procedure, to the extent it does not request production of an existing document or tangible thing, but instead improperly requests that Allstate obtain information or create a tangible document in a form or manner other than it currently exists, and then produce it.

Respectfully submitted,

ALLSTATE INSURANCE COMPANY

By _____
Linda L. Morkan (ct 03196)
Maria T. Ackley (ct18118)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: lmorkan@rc.com
E-mail: mackley@rc.com

<u>Of Counsel</u>

Peter J. Valeta
Jeffrey A. Berman
Ross & Hardies
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Tel. No.: (312) 558-1000
Fax No.: (312) 750-6000
E-mail: peter.valeta@rosshardies.com
E-mail: jeffrey.berman@rosshardies.com

## CERTIFICATION

This is to certify that on this 5th day of May, 2003, a copy of the foregoing was sent via overnight mail, to all counsel of record as follows:

Tracy M. Collins, Esq.
Waller, Smith & Palmer, P.C.
52 Eugene O'Neill Drive
New London, CT  06320


John A. Collins, III, Esq.
Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
P.O. Box 1591
New London, CT  06320


Maria T. Ackley

*Correspondence re: HO88 filing of 4/88*

# Allstate®

Priscilla D. Brockett
Assistant State Filings Director

Allstate Plaza North
Northbrook, Illinois  60062
(312) 402-7557

September 15, 1989

Mr. John E. Lonergan, CIC
Examiner
Property Casualty Division
Connecticut Insurance Department
State Office Building
165 Capitol Street
Hartford, Connecticut  06106

RECORDED EFFECTIVE 9/21/89
CONNECTICUT INSURANCE DEPARTMENT
PROPERTY & CASUALTY RATING DIVISION
Peter F. Kelly, Commissioner
By: John Lonergan, Examiner

Re:  ALLSTATE INSURANCE COMPANY
     ALLSTATE INDEMNITY COMPANY
     Homeowners '88 Program

Dear Mr. Lonergan:

This is to confirm our telephone conversation of September 14, 1989 regarding the captioned filing.

It is our intention to revise Form AU9624-2, Connecticut Amendatory Endorsement, to include a revision to the Mortgagee provision such that the language of this provision is identical to the Mortgagee provision found in the 165 Lines Standard Fire Policy. You indicated that this process would be acceptable to the Department.

On the basis of this agreement you further indicated that the Homeowners '88 program form filing is approved. —ok

Final printed copies of Form AU9624-2 will be forwarded as soon as they are available within the next 30 days or so. We will also notify you at that time of the implementation date for the entire Homeowners '88 Program. (The rates were filed and recorded by your department effective new business, 12-1-88; renewal business, 1-15-89.)

I appreciate your assistance with this filing and look forward to receipt of your approval.

Sincerely yours,

Priscilla Brockett

PDB:ja
F791, F793

RECEIVED
OCT 1 1 89
month
STATE FILINGS

RECEIVED
OCT 0 9 89
south
STATE FILINGS

*Original filing letter for HO'88*

**Allstate®**

Priscilla D. Brockett
Assistant State Filings Director

Allstate Insurance Company
Allstate Plaza
Northbrook, Illinois 60062
(312) 402-7557

April 29, 1988

The Honorable Peter Gillies
Commissioner of Insurance
Connecticut Insurance Department
190 Trumbull Street
Hartford, CT 06106

Attention:  Mr. Waldo R. DiSanto
            Director, Rating Division

Re: ✓ ALLSTATE INSURANCE COMPANY
    ✓ ALLSTATE INDEMNITY COMPANY
      Homeowners, Renters,
      Condominium Policies
      Homeowners '88 Program

RECORDED EFFECTIVE 9/21/89
CONNECTICUT INSURANCE DEPARTMENT
PROPERTY & CASUALTY RATING DIVISION
Peter F. Kelly, Commissioner
By: _____
John Lonergan, Examiner

Dear Commissioner Gillies:

We are filing herewith new policy forms for the following lines of insurance:

Allstate Insurance Company         Allstate Indemnity Company
   Homeowners                          Homeowners
   Deluxe                                 Deluxe
   Deluxe Plus
   Standard                            Renters

   Condominium

   Renters

The attached "Checklist of Forms" details the new form number assigned to these policies and the previous form number which is currently on file in the state of Connecticut. The forms shown as "replaced" should be withdrawn effective with the implementation of this filing.

In addition to a forms Checklist, this filing includes an exhibit titled "Summary of Changes" which explains all proposed revisions by coverage within the respective line of insurance. A copy of each contract is enclosed for your review.

The Honorable Peter Gillies  
Commissioner of Insurance

April 29, 1988  
Page Two

You will also note that several endorsements have been included with the filing of the revised contracts. Specifically, the Waterbed Liability Coverage endorsement and the Home Day Care endorsement are _new_ endorsements.

Revised rates and rules which correspond to this contract filing are being forwarded under separate cover. We propose to introduce this filing (the form filing and the rate filing as _one package_) with respect to new business effective July 11, 1988 and renewal business effective August 25, 1988.

Your early acknowledgment or approval, if required, will be appreciated.

Sincerely yours,

Priscilla Brockett

PDB:ss  
Encl.: Checklist of Forms  
       Forms as listed thereon  
       Summary of Changes  
       Connecticut Certification  
         and Flesch Tests

F791/F793

## CHECKLIST OF FORMS
## CONNECTICUT
## ALLSTATE INSURANCE COMPANY
## FILING #F791

| FORM | DESCRIPTION | REPLACES |
|---|---|---|
| AU1774 | Deluxe Homeowners Policy | AU406 |
| AU1775 | Standard Homeowners Policy | AU806 |
| AU1776 | Renters Policy | AU606 |
| AU1777 | Condominium Owners Policy | AU706 |
| AU1778 | Deluxe Plus Homeowners Policy | ~~AU9800~~ s/b AU9824 |
| AU1782 | Waterbed Liability Coverage (Renters Only) | -- |
| AU1820 | Home Day Care Coverage | -- |
| AU1870 | Connecticut Amendatory Endorsement (Standard, Renters, Condominium Owners) | |
| AU9624-2 | Connecticut Amendatory Endorsement (Deluxe, Deluxe Plus) | AU9624-1, AU1736 |

**FORM WITHDRAWN**

| | | |
|---|---|---|
| AU272 | Additional Premises Endorsement | |
| AU1496 | Deluxe Amendatory Endorsement | |
| AU1497 | Condominium Owner's Amendatory Endorsement | |
| AU1498 | Renters Amendatory Endorsement | |
| AU1404 | Property Insurance Adjustment | |
| AU374-1 | Personal Property Replacement Cost Endorsement | |

## CHECKLIST OF FORMS
## CONNECTICUT
## ALLSTATE INDEMNITY COMPANY
## FILING #F793

| FORM | DESCRIPTION | REPLACES |
|---|---|---|
| AU1779 and AU9624-2 | Deluxe Homeowners Policy | AU406  AU9624-1, AU1736 |
| AU1780, and | Renters Policy | AU606 |
| AU1820 | Home Day Care Coverage | -- |
| AU1782 | Waterbed Liability Coverage (Renters Only) | -- |

**FORMS WITHDRAWN**

| | |
|---|---|
| AU272 | Additional Premises Endorsement |
| AU374-1 | Personal Property Replacement Cost |
| AU1404 | Property Insurance Adjustment |
| AU1496 | Deluxe Amendatory Endorsement |
| AU1497 | Condominium Owners Amendatory Endorsement |
| AU1498 | Renter's Amendatory Endorsement |

The Honorable Peter F. Kelley  
Commissioner of Insurance

July 6, 1989  
Page 2

2.(b)  The language proposed in the Mortgagee provision of our 1988 Homeowner contracts follows the language used in the AU406 which was filed and approved in Connecticut in 1978. The proposed language in the 1988 contracts is more readable and specific as it relates to the mortgagee provision than the language found in C.G.S: 38-98. Also, our language is in compliance with statute 38-68W which requires "policies be made readable".

2.(c)  On the second page of the attached form, under item 11, we show that in Section II - Coverage X and Coverage Y under <u>Losses We Do Not Cover</u>, we have retained the language of our 1984 contracts.

I trust that this response satisfactorily responds to your concerns. Please feel free to call me collect at the number shown in the letter if there are any further questions or clarification needed.

Very truly yours,

ALLSTATE INSURANCE COMPANY

RSC:is  
Encl.: As stated